Froessel, J.
(dissenting). We dissent and vote to affirm. Judge Fuld in the prevailing opinion has fairly outlined the facts surrounding these brutal murders. As evidence of motive, the record shows that defendant had a “ bitter argument ” with his father two days before the homicide, and that he was his father’s sole heir, later claiming his estate. On January 12, before any accusation had been made against him, defendant told his partner, Herrschaft, that “ he felt that he was number one suspect ”.
That night, and continuing early the following morning, with knowledge that he was suspected, he had a long talk with Captain Meenahan, in the course of which defendant said: “ Sit down here, Captain, just you and I. This thing will work itself out tonight.” After discussing many other matters unrelated to the crime, Captain Meenahan suggested to defendant that they get some rest, whereupon defendant responded, “ I feel relaxed ”. They returned to the events of the morning of the homicide when defendant made these devastating admissions: “ Definitely, I was there. * * * I remember * * *. I don’t remember how I got there. I remember her [his mother] opening the door. I am certain I was there, Captain. I was there. * * * You know what that means, Captain. It means me. Who else could it be? ” (Italics supplied.) Whether these statements in the light of the whole record were, as the majority conclude, “ the cry of one distracted and troubled ” rather than damaging admissions of guilt was for the jury to determine, particularly in view of the circumstances under which they were made.
In addition to this, the People’s witness, Caroline Parnell, whose credibility, though vigorously cross-examined, was for the jury, testified that she saw defendant enter his parents’ apartment house in Brooklyn at about 7 o’clock on the morning of *212 the homicide, although defendant claimed he had slept in the apartment of his paramour until 10 o ’clock that morning. Moreover, defendant fabricated defenses with respect to the delivery of the telephone book, the purchase of the raincoat, the new pair of shoes and the new suit of clothes, and gave conflicting explanations as to how and when he disposed of his old clothes.
Considering the evidence in its entire setting, we are of the opinion that the People made out a case justifying its submission to the jury, and that the jury was warranted upon the whole record, under correct and appropriate instructions of the court, in rendering a verdict of guilt.
The judgment should be affirmed.
Desmond, Van Voorhis and Burke, JJ., concur with Fuld, J.; Froessel, J., dissents in an opinion in which Conway, Ch. J., concurs; Dye, J., taking no part.
Judgment of conviction reversed, etc.